# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DAVID J. MENDOZA,

    Plaintiff,

v.

PRECO, INC.,

    Defendant.

Case No. 17-2565-DDC-GEB

## MEMORANDUM AND ORDER

This matter comes before the court after the court issued a Notice and Order to Show Cause (Doc. 41), which plaintiff David J. Mendoza filed a response to on September 28, 2018 (Doc. 42). Plaintiff filed this action in September 2017, alleging civil rights violations based on defendant's purported racial discrimination, harassment, and retaliation during plaintiff's employment as a shipping/receiving clerk for defendant. Doc. 1. Ten months later, defendant filed a Motion to Enforce Settlement Agreement. Doc. 36. Under D. Kan. Rules 6.1(d)(1) and 7.1(c), plaintiff was required to respond to defendant's motion within 14 days. Plaintiff did not respond to defendant's motion within 14 days. Local Rule 7.4(b) provides: (1) that a party who does not timely file a response brief waives the right to later file such a brief; (2) that the court will decide such motions as unopposed; and (3) that, usually, the court grants these motions without further notice. D. Kan. Rule 7.4(b).

After plaintiff failed to respond, the court issued a Notice and Order to Show Cause. Doc. 41. The court, out of an abundance of caution, issued its Order to Show Cause because it could not discern from the record whether plaintiff received notice of the Motion to Enforce Settlement after his attorneys withdrew from representing him. *Id.* at 3. The order directed

plaintiff to show cause on or before September 28, 2018, why the court should not consider and rule on defendant's motion as an uncontested one under D. Kan. Rule 7.4(b). The court further directed that, if plaintiff intended to file a response to defendant's motion, he must file it on or before September 28, 2018. *Id.*

On September 28, 2018, plaintiff filed a Motion for an Extension of Time. Doc. 42. In his motion, plaintiff requests more time to obtain new legal assistance to handle his case. *Id.* at 1.

## I. Discussion

First, the court construes plaintiff's motion as one to extend time to respond to the court's Order to Show Cause. *See* D. Kan. Rule 6.1(a). Because plaintiff now proceeds pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991). But the court does not become an advocate for the pro se party. *See id.* And, plaintiff's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

Here, plaintiff filed a Motion for an Extension of Time on September 28, 2018. So, plaintiff responded by the September 28, 2018, deadline set by the court. Doc. 41 at 3. In his motion, plaintiff requests a time extension because plaintiff has been unable to find counsel who can handle his case. Doc. 42 at 1. The court construes this request liberally—*i.e.*, plaintiff requests an extension of time to find counsel to represent him, including time for counsel to respond to the court's Order to Show Cause. *Cf. Gee v. Towers*, No. 16-2407, 2016 WL 4733854, at *1 (D. Kan. Sept. 12, 2016) ("Because plaintiff did not file . . . a motion for

2

extension of time to respond, the court considers defendant's motion to dismiss unopposed."). In contrast, the court construes plaintiff's motion here as one for an extension of time. Hence, because plaintiff moved for an extension of time, the court will grant plaintiff's motion.

The court will provide the plaintiff a final 30 days to respond to the court's Order to Show Cause. The court is mindful of the balance it must strike between the liberal construction of a pro se plaintiff's filings, *Hall*, 935 F.3d at 1110, and a pro se plaintiff's obligation to comply with the fundamental requirements of the Federal Rules of Civil Procedure, *Ogden*, 32 F.3d at 455.

The court believes that this final extension of 30 days strikes the appropriate balance. First, the court issued the initial Order to Show Cause to ensure that plaintiff had notice of defendant's Motion to Enforce Settlement. Doc. 41 at 3. Plaintiff's response by the court's deadline makes clear that plaintiff is aware of defendant's pending motion. Second, because the court liberally construes plaintiff's motion as one for an extension of time to respond to the Order to Show Cause, plaintiff must file a response with or without counsel. It is well established that a plaintiff has no constitutional right to counsel in civil employment discrimination actions. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). And so, plaintiff has an obligation to respond to the court's Order to Show Cause and file a response to defendant's Motion to Enforce Settlement within 30 days, *regardless* of whether plaintiff retains counsel. If plaintiff fails to respond by this deadline, the court will consider defendant's Motion to Enforce Settlement as unopposed. D. Kan. Rule 6.1(d). In sum, the court grants plaintiff a final 30 days to respond to the court's Order to Show Cause.

**II.** **Conclusion**

For reasons explained above, the court grants Mr. Mendoza's Motion for Extension of Time.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Extension of Time (Doc. 42) is granted.

**IT IS FURTHER ORDERED THAT** plaintiff has 30 days from the date of this filing to respond to the court's Order to Show Cause (Doc. 41).

**IT IS SO ORDERED.**

**Dated this 22nd day of October, 2018, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**